## GRIFFIN v. GRIFFIN.

1. Action by the committee of a lunatic to recover money of the lunatic erroneously paid to defendant by the county commissioners, is an action at law, and the Circuit judge committed no error in overruling a demurrer to the complaint, and in permitting plaintiff to amend by making the lunatic a party, giving defendant leave to answer thereto. And to such action, the county commissioners were not necessary parties.

2. The Circuit judge, while hearing a case on exceptions to the report of a referee, to whom it had been referred to hear and determine the issues and report to the court, called for the production of a paper which had not been put in evidence, and based his decree upon a fact therein stated. *Held*, that in this there was error. The case should have been decided upon the report and exceptions, or else recommitted for further testimony.

3. The modes of trial provided for by the code and the changes under the revision of 1882, stated and considered.

Before HUDSON, J., and PRESSLEY, J., Spartanburg, April, 1881, and March, 1882.

This was an action, which came up on appeal under the title of Elizabeth A. Griffin, by her committee, William L. Morgan, against John H. Griffin. The action was commenced September 8th, 1878. It was referred March 29th, 1879, to a referee to " take testimony and decide all the issues of law and fact arising herein, and that he do report the same to this court." The report of the referee, sustaining the demurrer, was overruled by Judge Hudson, who referred the cause back to the same referee " for trial of issues of law and fact, with directions to report to this court his findings and conclusions." The second report of the referee was made on March 8th, 1882. In other particulars, the opinion states the case.

*Messrs. Duncan, Cleveland & Sanders* and *J. S. R. Thomson,* for appellant.

*Messrs. Evins, Bomar & Simpson* and *Bobo & Carlisle,* contra.

March 8th, 1884.    The opinion of the court was delivered by

Mr. Justice McGowan.    Elizabeth A. Griffin, a declared lunatic, living with her nephew, John H. Griffin, had a small sum of money in the hands of the commissioners of the county of Spartanburg.    The said John H. Griffin instituted some proceedings in the Probate Court, by which he, representing that his aunt had recovered her mind, got possession of the money as her agent and next friend.    He afterwards made an application to be appointed her committee, alleging that she had relapsed, but the Judge of Probate, declining his application, appointed the plaintiff, W. L. Morgan, who commenced this action in his own name as committee against Griffin for the said fund.    The case was referred to C. P. Wofford, Esq., " as special referee to take testimony and decide all the issues of law and fact, and report the same to the court."

The defendant demurred upon two grounds: first, that the county commissioners were necessary parties, and, second, that the complaint did not state facts sufficient to constitute a cause of action.    The referee sustained the demurrer and gave judgment for the defendant; but, exceptions being taken, Judge Hudson reversed the judgment, and overruled the demurrer, but providing, " as the defendant may have expended justly a part of said fund in support of the lunatic, he must be allowed credit for all such expenditures, *bona fide* made, and to this end he is allowed to answer over," &c.    He also gave the plaintiff leave to amend his complaint by joining the lunatic, Elizabeth A. Griffin, as party plaintiff with himself, and directed that after the pleadings were perfected, the cause should be remanded to the same referee " for the trial of issues of law and fact."

Accordingly, the case as amended went back to the referee under the aforesaid order of reference, who took all the testimony that was offered and reported that, as a matter of fact, he found " that the support furnished by the defendant exceeds in value

any sum with which he is chargeable, and, as matter of law, that the complaint should be dismissed with costs." Exceptions were filed, which came on to be heard by Judge Pressley, who reports as follows: "In the progress of the case, it transpired that defendant had been the actor in the Probate Court when the plaintiff was appointed committee of the lunatic, and I required production of defendant's petition, that I might see what statement he therein made concerning the estate of the lunatic. Defendant's counsel objected, because the same was not in evidence. I ruled, that a chancellor trying a case could, during the trial, call for and put in evidence any paper pertaining to the matter, and to this exception was taken. It appears, by such petition, that the defendant therein set forth the estate of the lunatic as amounting to $400. I regarded that as an express waiver of so much of his charges for maintenance as would reduce said estate below that amount, and gave judgment for that sum."

From this judgment, and that also of Judge Hudson, the defendant appeals to this court, and moves to reverse them upon the following alleged errors: "I. In sustaining plaintiff's exceptions to the first report of the referee. II. In overruling first report of referee. III. In not allowing defendant to answer over fully when the demurrer was overruled. IV. In overruling the demurrer and giving judgment absolute against the defendant, and at the same time allowing plaintiff to amend his complaint. V. In not holding that the defendant in the second reference had the right to answer over fully. VI. In that, while the case was being heard on exceptions to the second report of the referee, his Honor, of his own motion, and against the objection of defendant, put in further evidence to sustain the claim of plaintiff. VII. In holding that the petition so put in evidence amounted to an express waiver of so much of plaintiff's (defendant's) charges for maintenance as would reduce said estate below that amount. VIII. In overruling the second report of the referee. IX. In giving judgment against the defendant for $400 and costs. X. In not dismissing the complaint. XI. In not giving credit to the defendant for the maintenance and support of the

said lunatic after the date of said petition, and of sums paid out for her benefit after said date," &c.

It seems to us that the action was at law as for money had and received—money in the hands of Griffin, which, *ex equo et bono,* belonged to the plaintiff. *Buchanan* v. *Buchanan,* 4 *Strobh.* 68. We have no doubt it was in this view that Judge Hudson gave permission to amend the complaint by making the lunatic, Elizabeth A. Griffin, a party plaintiff (see *Cathcart* v. *Sugenheimer,* 18 *S. C.* 128). The judge did not render judgment absolute against defendant, but gave him further time to answer the complaint in the amended form, and he was therefore in no way injured. *Coleman* v. *Heller,* 13 *S. C.* 491.

Nor do we think it was error to overrule the demurrer. That only decided that there was enough to sustain the action for money received and due, the possession of which was obtained by the defendant expressly as the property of the plaintiff and for her use and benefit. We cannot see why it was necessary to make the county commissioners parties. It is true they once had control of the money, but they had paid it to defendant, in accordance with a judgment of the Court of Probate, obtained through the representation of the said defendant, and which, so far as they knew, was free from fraud and was legal and binding.

But the case must go back, and it would therefore be injudicious to consider the merits at this time. We think it was error in the Circuit judge, whilst hearing exceptions to the report of the referee, appointed to decide the issue, to call for the production of a paper which had not been in evidence before the referee, and to base upon it his judgment in the case. While, as a general rule, the sound theory of judicial action, based upon experience and reason, requires that the judge shall remain passive until moved in the right of those interested, we may say that we agree with the Circuit judge "that a chancellor trying a case may, during the trial, call for and put in evidence any paper pertaining to the matter." But it is not so certain that in the instance before us the chancellor was, in the full sense of the words, "trying a case" upon the proofs offered before him, but rather hearing exceptions to the decision of a referee already made. We do not think the cases are precisely the same.

The code contemplates and provides for three distinct modes
·of trial—by a jury, by the court and by referees.    The case had
been heard and decided by the referee, who had made his report;
that report was being considered on exceptions, and it should have
been heard upon the evidence alone which the parties offered before
·the referee; or, if that was considered perfunctory or imperfect,
the case should have been recommitted to the referee with instruc-
tions to take further testimony, subject, of course, to rebuttal, cross-
·examination, exceptions, &c.    Under the New York code, the
decision of a referee to decide the issues was not subject to review
:at all by the Circuit Court who appointed him, but, subject to cer-
tain rights of appeal, stood as the judgment of the court.    The
provision was :  "The report of a referee upon the whole issue
shall stand as the decision of the court, and judgment may be·
entered thereon in the same manner as if the action had been
tried by the court."    *Wait Anno. Code, p.* 487.

Our code was taken from that of New York, and contained
the same declaration as to the force and effect of the decision of
a referee to decide issues until the late revision (1882), when the
aforesaid provision was omitted, and our code now simply declares,
"that the decision of a referee or master may be excepted to and
reviewed in like manner and with like effect in all respects as in
·cases of appeal under section 290.    *    *    *    Where the case
shall have been decided upon the report of the referee and excep-
tions, the decision may be reviewed upon appeal to the Supreme
Court."    *Code,* § 294.    We suppose that the effect of this alter-
ation must be to change the character of a referee from being,
·as it were, an independent tribunal to that of an adjunct to the
Court of Common Pleas, which appoints him and retains the
right of receiving and reviewing his report before it can be con-
·sidered a judgment, or, by appeal, reach the Supreme Court.

But, assuming that such must be the effect of the changes in
the code, still, as it seems to us, a referee or master under the
code (for its provisions are made to apply as well to masters in
counties where they take the place of referees) must be something
more than a commissioner in equity or master under the old
practice in equity; and it is important to keep the different
kinds of trial separate and distinct.    In reference to the old

master in chancery, it was the practice to hear his report alone upon the evidence offered before him, and to recommit rather than produce confusion by supplementing further proof in open court. "At the hearing of a report the practice is, that the court hears no evidence but what was before the master and reported by him as evidence upon which his report is founded." *Bank v. Rose*, 1 *Strobh. Eq.* 257.

And such has certainly been the practice in regard to reports of referees under the code. It is said in the case of *The State v. S. & U. Railroad Company*, 8 *S. C.* 170: "We are obliged to accept the testimony as reported by the referees. Although some exceptions were taken to its omission of certain facts, averred to have been proved, and to error in the report of some of them, we have nothing before us by which it can be corrected. The proper course for the appellants was to have moved the Circuit Court to recommit the report on the exceptions thus taken, that they might have the opportunity of showing wherein they were prejudiced by its statement of the evidence. No such application was made, and we are not at liberty to go outside of the report." In the case before us the appellant had no complaint to make of the report, which was in his favor, and if the respondent wished the use of testimony not embraced in the report, it devolved upon him to make the motion to recommit.

The judgment of this court is that the judgment below be set aside, without prejudice, and the cause remanded to the Circuit for such orders as may be necessary to give effect to the conclusions herein announced.